**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.

GREGORY ARTHMANN,

    Plaintiff,

v.

NATIONAL RECOVERY SOLUTIONS, INC.,
TIMOTHY MROCZEK, KEVIN BAKER and
KINDA BAKER,

    Defendants.
_____/

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transacts business in this district.

## PARTIES

4. Plaintiff, GREGORY ARTHMANN ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Dade, and City of Miami.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, NATIONAL RECOVERY SOLUTIONS, INC. ("NRS") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.      At all relevant times herein, Defendant, TIMOTHY MROCZEK ("Defendant Mroczek") was an owner/director of Defendant NRS.  As an officer, shareholder and/or director of Defendant NRS, Defendant Mroczek was responsible for the overall success of the company. Defendant Mroczek is a "debt collector" as defined by the FDCPA: he materially participated in collecting debt by occupying a position of critical importance to Defendant NRS's business; as the owner of Defendant NRS, he exercised control over the affairs of a debt collection business; and he was regularly engaged, albeit more often indirectly than directly, in the collection of debts through his involvement in Defendant NRS's affairs and Defendant Mroczek continued to play a key role in maintaining and expanding Defendant NRS's debt collection activities throughout the time in question.

8.      At all relevant times herein, Defendant, KEVIN BAKER ("Defendant Kevin") was an owner/director of Defendant NRS.  As an officer, shareholder and/or director of Defendant NRS, Defendant Kevin was responsible for the overall success of the company. Defendant Kevin is a "debt collector" as defined by the FDCPA: he materially participated in collecting debt by occupying a position of critical importance to Defendant NRS's business; as the owner of Defendant NRS, he exercised control over the affairs of a debt collection business; and he was regularly engaged, albeit more often indirectly than directly, in the collection of debts through his involvement in Defendant NRS's affairs and Defendant Kevin continued to play a key role in maintaining and expanding Defendant NRS's debt collection activities throughout the time in question.

9. At all relevant times herein, Defendant, KINDA BAKER ("Defendant Kinda") was an owner/director of Defendant NRS. As an officer, shareholder and/or director of Defendant NRS, Defendant Kinda was responsible for the overall success of the company. Defendant Kinda is a "debt collector" as defined by the FDCPA: she materially participated in collecting debt by occupying a position of critical importance to Defendant NRS's business; as the owner of Defendant NRS, she exercised control over the affairs of a debt collection business; and she was regularly engaged, albeit more often indirectly than directly, in the collection of debts through her involvement in Defendant NRS's affairs and Defendant Kinda continued to play a key role in maintaining and expanding Defendant NRS's debt collection activities throughout the time in question.

10. "Employees can be held personally liable under the FDCPA." *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051, 1059 (C.D. Cal. 2009); *see also Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008).

11. Furthermore, "most district courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA." *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008); *see Kistner v. Law Offices of Michael P. Margelefsky, L.L.C.*, 518 F.3d 433, 437-38 (6th Cir. 2008); *del Campo v. Kennedy*, 491 F. Supp. 2d 891, 903 (N.D.Cal.2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615, 618-21 (D. Utah 2005); *Albanese v. Portnoff Law Assocs., Ltd.*, 301 F. Supp. 2d 389, 400 (E.D. Pa. 2004); *Musso v. Seiders*, 194 F.R.D. 43, 46-47 (D.Conn.1999); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 861-62 (D. Ariz. 1999); *Pikes v. Riddle*, 38 F. Supp. 2d 639, 640 (N.D. Ill. 1998); *Ditty v. CheckRite, Ltd.*, 973 F.

Supp. 1320, 1337-38 (D. Utah 1997); *Newman v. Checkrite Cal., Inc.*, 912 F. Supp. 1354, 1372 (E.D. Cal.1995); *Teng v. Metro. Retail Recovery Inc.*, 851 F. Supp. 61, 67 (E.D. N.Y. 1994).

## FACTUAL ALLEGATIONS

12. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

13. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

14. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

15. In connection with collection of an alleged debt in default, NRS, itself and on behalf of Defendants Mroczek, Kevin and Kinda, called Plaintiff's cell phone on December 27, 2011, and at such time, left the following voicemail message:

> "Hi, my name is Sean Connors. I'm with the offices of NRS. My office is trying to get in contact with a Gregory Arthmann. Gregory, if you can please return my phone call. I can speak to either yourself, or your legal representation. Your paperwork has been sent over to my department for a final review. 866-421-2969 my extension is 127 referencing 2580-137. Thank you."

16. In their voicemail message of December 27, 2011, Defendants failed to notify Plaintiff that the communication was from a debt collector.

17. In failing to disclose that the communication was from a debt collector, Defendants failed to meaningfully disclose their identity to Plaintiff.

18.     In connection with collection of an alleged debt in default, NRS, itself and on behalf of Defendants Mroczek, Kevin and Kinda, called third party, Plaintiff's brother Phillip, on December 27, 2011 at 3:32 p.m., and at such time, left the following voicemail message:

> "Hi, my name is Sean Connors. I'm with the offices of NRS here. Um, still my office is trying to get in contact with a Gregory Arthmann here. This message may be a possible reference at one point or another. If you could please return my phone call or message here [truncated]."

19.     In their voicemail message of December 27, 2011, Defendants failed to state that the call was made for the purpose of confirming or correcting location information about Plaintiff.

20.     In their voicemail message of December 27, 2011, Defendants identified their employer when they were not expressly requested to do so.

21.     In connection with collection of an alleged debt in default, NRS, itself and on behalf of Defendants Mroczek, Kevin and Kinda, called Plaintiff's home phone on January 9, 2012, and at such time, left the following voicemail message:

> "Yes, hi, Gregory Arthmann. This is Sean Connors. I'm with the offices of NRS. If you can please return my phone call, um, I can speak with either yourself or your attorney of record. Referencing 2580-137. Your paperwork has been sent over to my department, excuse me, your paperwork has been sent over to my department for a final review. I can be reached at 866-421-2969. My extension is 127. Ah, please reference 2580-137. At this time my office will be requesting a full verification of employment with any and all employers. Please contact my offices immediately."

22.     In their voicemail message of January 9, 2012, Defendants failed to notify Plaintiff that the communication was from a debt collector.

23.     In failing to disclose that the communication was from a debt collector, Defendants failed to meaningfully disclose their identity to Plaintiff.

24. On or about February 9, 2012, Defendants left another voice mail message in which they failed to disclose that the communication was from a debt collector, and failed to meaningfully disclose their identity.

25. In the message that Defendants left for Plaintiff on or about February 9, 2012 NRS, itself and on behalf of Defendants Mroczek, Kevin and Kinda, stated " Mr. Arthmann, It is imperative that you call our office today", which conveyed a false sense of urgency for the purpose of compelling Plaintiff to communicate with a debt collector.

## COUNT I

26. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 25.

27. NRS, itself and on behalf of Defendants Mroczek, Kevin and Kinda, violated 15 U.S.C. § 1692b(1) by contacting a third party and failing to state that the call was made for the purpose of confirming or correcting location information about a consumer, and by providing the identity of Defendants to a third party without such information being expressly requested.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692b(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

28. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 25.

29. NRS, itself and on behalf of Defendants Mroczek, Kevin and Kinda, violated 15 U.S.C. § 1692c(b) by communicating with a third party other than in the manner prescribed by 15 U.S.C. § 1692b et seq., without having received the prior consent of Plaintiff or the express permission of a court of competent jurisdiction, and without it being necessary to effect a post-judgment remedy.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692c(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

30. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 25.

31. NRS, itself and on behalf of Defendants Mroczek, Kevin and Kinda, violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

32. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 25.

33. NRS, itself and on behalf of Defendants Mroczek, Kevin and Kinda, violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(11)

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

34. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 25.

35. NRS, itself and on behalf of Defendants Mroczek, Kevin and Kinda, violated 15 U.S.C. § 1692e(10) by conveying a false sense of urgency in telephone calls to Plaintiff for the purpose of compelling Plaintiff to communicate with a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendants violated 15 U.S.C. § 1692e(10)

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

36. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 26th day of April, 2012.

                                      Respectfully submitted,
                                      **GREGORY ARTHMANN**

                                      By: s/ Alex D. Weisberg
                                      ALEX D. WEISBERG
                                      FBN: 0566551
                                      WEISBERG & MEYERS, LLC
                                      ATTORNEYS FOR PLAINTIFF
                                      5722 S. Flamingo Rd, Ste. 656
                                      Cooper City, FL 33330
                                      (954) 212-2184
                                      (866) 577-0963 fax
                                      aweisberg@attorneysforconsumers.com